IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| FERCEE MICHAEL ARRINGTON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:09-cr-32-CDL-MSH |
| | : | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | : | |
| | : | |

_____

## REPORT AND RECOMMENDATION

On July 27, 2010, Petitioner pled guilty to possession with intent to distribute crack cocaine. He was sentenced by this Court on April 14, 2011, to 72 months in prison. (ECF Nos. 64, 65.) On September 17, 2012, Petitioner filed a motion to reduce his sentence pursuant to the Fair Sentencing Act of 2010. (ECF No. 80.) Petitioner's motion was dismissed and he was directed to file a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence seeking relief pursuant *Dorsey v. United States*, 132 S. Ct. 2321 (2012). (Order Oct. 16, 2012, ECF No. 82.) Petitioner thereafter filed this motion to vacate on November 13, 2012. (ECF No. 83.)

**I.    Motion to Vacate**

Petitioner's only alleged claim is that because he was sentenced after August 3, 2010, the new Fair Sentencing Act ("FSA") "sentencing scheme" should be applied to his case pursuant to *Hill v. United States* and *Dorsey v. United States* (Mot. to Vacate 4, ECF No. 83.) The FSA, effective August 3, 2010, "increased the drug amounts triggering mandatory minimums for crack trafficking offense from 5 grams to 28 grams in respect

to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum[.]" *Dorsey v. United States,* --- U.S. ---, 132 S. Ct. 2321, 2329 (2012). On June 21, 2012, the Supreme Court held that the Act's "new, more lenient mandatory minimum provisions do apply to those pre-Act offenders . . . who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." *Id.* at 2326. Petitioner's offense occurred prior to August 3, 2010, and he was sentenced after August 3, 2010; therefore, *Dorsey* may apply to his case.

As noted above, Petitioner pled guilty to possession with intent to distribute 93 grams of cocaine base. The Guideline range used at Petitioner's sentencing was based on Petitioner's offense level of 25 with a criminal history category VI and resulted in a range of 110 to 137 months, which became 120 to 137 months based on the mandatory minimum penalty. Pursuant to the FSA, the new sentencing guideline penalty for 93 grams of crack cocaine is 5 to 40 years imprisonment. Using the FSA guidelines, Petitioner would have a range of 110 to 137 months instead of 120 to 137 months.

Additionally, in this case the Government filed a motion for relief under section 5K1.1 of the Federal Sentencing Guidelines. This motion was granted and allowed the Court to go below the mandatory minimum of 120 months to sentence Petitioner to 72 months. Petitioner argues that he should be resentenced with the Court departing downwards from the new minimum of 110 months instead of 120 months.

The United States was ordered to file a response to the motion to vacate, and did so on February 4, 2013. (ECF Nos. 84, 86.) In its Answer, the Government waived all objections to the Petitioner's motion for re-sentencing, including the waiver of the right

to collaterally attack his sentence. (Gov.'s Answer to Mot. to Vacate 12-14, ECF No. 86.) The Government further consents to Petitioner's request that he be resentenced based on the new mandatory minimums as put in place by the FSA. (*Id.* at 14.) It is therefore recommended that Petitioner be considered for resentencing.

## II.     Certificate of Appealability

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 27th day of March, 2013.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE

3